TORRUELLA, Circuit Judge.
Plaintiffs-Appellants Duamel Santiago-Ramos (“Santiago”), Marinés Rivera-Figueroa, and Caribbean Economic Council filed a class action suit on behalf of approximately 1.5 million Puerto Rican residents who are customers of Autoridad de Energía Eléctrica de Puerto Rico (“PREPA”) against Defendant-Appellee PREPA alleging that PREPA’s use of a portion of its overall revenue to subsidize municipalities’ energy use violates the Takings Clause and deprives Plaintiffs-Appellants of their property interest in electricity and/or the funds they paid for electricity in violation of procedural due process. The district court granted summary judgment for PREPA. We affirm, finding Plaintiffs-Appellants lack standing.
*105 I.The Basics
“We describe the facts, drawing all inferences in the plaintiffs favor, as we must do in summary judgment.” Chaloult v. Interstate Brands Corp., 540 F.3d 64, 66 (1st Cir. 2008).
PREPA charges consumers a base rate of five cents per kilowatt-hour (“kwh”). In addition to the base rate, PREPA charges customers an adjustment fee each month, which has two components: (1) a fuel purchase charge based on the estimated price of fuel that is recalculated monthly and (2) an energy purchase charge. PREPA’s Regulation of General Terms and Conditions for the Supply of Electric Energy (“PREPA Regulations”) term electricity a “movable good” that can be illegally appropriated. P.R. Reg. AEE Reg. 7982. Puerto Rico law defines movable property as things that can be appropriated. 31 L.P.R.A § 1061.
Puerto Rico law requires that PREPA use eleven percent of its overall revenue to fund, inter alia, subsidies and credits to select beneficiaries[1] — for example, churches or social welfare organizations— and a Contribution in Lieu of Taxes (“CILT”) to municipalities to subsidize then’ energy use in exchange for exempting PREPA from taxes. 22 L.P.R.A. § 212(b). As of 2011, following an amendment to 22 L.P.R.A. § 212(b), Law 233, the CILT calculation effectively excludes consumption billed to municipal facilities housing for-profit establishments. P.R. Laws No. 233-2011. A 2014 amendment to 22 L.P.R.A. § 212(b), Law 57, maintained that exclusion.[2] P.R. Laws No. 57-2014.
II.The Claims
Plaintiffs-Appellants allege PREPA has subsidized municipalities’ private use by $360 million since 2005 and $140 million since 2011, despite Law 233 and Law 57. They also claim no procedure exists for resolving disputes regarding the taking of electricity. Plaintiffs-Appellants are seeking “just compensation” in the amount of $360 million. A magistrate judge recommended granting PREPA’s motion for summary judgment and dismissing Plaintiffs-Appellants’ claims with prejudice, finding that they had not identified a valid property interest, no taking had occurred, and no valid procedural due process claim existed in light of the absence of a property interest. The district court adopted the magistrate judge’s recommendation and granted summary judgment for PREPA. Plaintiffs-Appellants appeal the grant of summary judgment.
. On appeal, Plaintiffs-Appellants argue (1) they identified a valid property interest in both electricity as movable property and the monies paid for electricity; (2) PREPA effects an unconstitutional taking of that property by taking “the electric energy paid by [Plaintiffs-Appellants] to give it to the Municipalities” for private use without any rational purpose; (3) the “11% [Appellants] are charged by PREPA ... to purchase electric power” is arbitrary and irrational; and (4) Appellants have been denied procedural due process.
III.A Standing Problem
This Court “review[s] a grant or denial of summary judgment, as well as pure issues of law, de novo.” Sun Capital *106 Partners III, LP v. New Eng. Teamsters & Trucking Indus. Pension Fund, 724 F.3d 129, 138 (1st Cir. 2013). Here, our de novo review yields the definite conclusion that Plaintiffs-Appellants lack standing to bring suit.
“To satisfy the ‘irreducible constitutional minimum of standing,’ Plaintiffs must show (1) that they have suffered an injury in fact, (2) that the injury is fairly traceable to the [defendant’s allegedly unlawful actions, and (3) that ‘it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.’ ” Nulankeyutmonen Nkihtaqmikon v. Impson, 503 F.3d 18, 26 (1st Cir. 2007) (alterations in the original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). To establish an injury in fact for purposes of Takings Clause and procedural due process claims, plaintiffs must “show that they had an identifiable personal stake in the property rights at issue.” Bingham v. Mass., 616 F.3d 1, 7 (1st Cir. 2010); see also Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 27 (1st Cir. 2007) (holding plaintiff must identify valid property interest to bring takings claim); Aponte v. Calderón, 284 F.3d 184, 191 (1st Cir. 2002) (same regarding procedural due process); cf. Roedler v. U.S. Dep’t of Energy, No. CIV.98-1843(DWF/AJB), 1999 WL 1627346, at *10 (D. Minn. Dec. 23, 1999) (“To establish standing pursuant to a taking claim, the plaintiff must show proof of personal injury, that is, the requisite interest in the property at issue and the deprivation thereof by the United States.” (citing Maniere v. United States, 31 Fed.Cl. 410, 420 (1994))), aff'd sub nom. Roedler v. Dep’t of Energy, 255 F.3d 1347 (Fed. Cir. 2001).
Here, Plaintiffs-Appellants fail to establish a valid protected interest in either electricity consumed by the municipalities or the funds paid to PREPA, as a result of which they do not have standing to bring either the takings or due process claims. See Bingham, 616 F.3d at 7. First, Plaintiffs-Appellants did not establish that they have a property interest in electricity itself, as PREPA Regulations do not create such an interest. P.R. Reg. AEE Reg. 7982. “An interest becomes a protected property interest when recognized by state statute or a legal contract, express or implied, between the state agency and the individual.” Marrero-García v. Irizarry, 33 F.3d 117, 121 (1st Cir. 1994). Contracts with state agencies that “include [ ] a provision that the state entity can terminate the contract only for cause” can create a property interest. Redondo-Borges v. U.S. Dep’t of Hous. & Urban Dev., 421 F.3d 1, 10 (1st Cir. 2005) (quoting Linan-Faye Constr. Co. v. Hous. Auth., 49 F.3d 915, 932 (3d Cir. 1995)) (internal quotation marks omitted). And customers of utilities can have a property interest in continued utility service, in certain circumstances. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9-11, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). Accordingly, Puerto Rico law requires public corporations and government entities to “provide [subscribers with] an administrative procedure for the suspension of its services for nonpayment.” 27 L.P.R.A. § 262(b). However, in Marrero-Garda, this Court rejected claimants’ assertions that a definition in a public corporation’s regulations could create a property interest in the service itself. 33 F.3d at 123 (noting that “relevant case-law ... suggests that ... regulatory definitions cannot establish a constitutional right to receive water services”). Thus, no matter how PREPA Regulations are construed, Plaintiffs-Appellants have at most an interest in continuing to receive electricity, which is not at issue here. See 27 *107 L.P.R.A. § 262(b); Memphis Light, 436 U.S. at 9-11, 98 S.Ct. 1554; Redondo-Borges, 421 F.3d at 10.
We note that, even assuming, arguendo, that Plaintiffs-Appellants did prove electricity is a movable good in which they could assert a valid property interest in this context on the basis of P.R. Reg. AEE Reg. 7982 and 31 L.P.R.A § 1061, no one is “taking” electricity from consumers and redirecting it to municipalities, nor does Santiago or any other putative class member actually receive “eleven percent less electricity than he pays for.” (Nor do putative class members claim that, for example, they pay for 100 kwh but only receive 89 kwh.) PREPA consumers pay a basic rate for the electricity that they receive, plus an additional fee; municipalities consume electricity, then receive a subsidy from PREPA’s overall revenue for their energy consumption; consumers pay only for what they receive and there is no redirection of any electricity. There is no unaccounted-for electricity that Santiago and other putative class members paid for and did not receive — no wire snaking from an outlet in Santiago’s home to the municipal bus stop — thus no electricity in which to assert a valid property interest nor a taking of said interest.
Finally, Plaintiffs-Appellants cannot assert a valid property interest in funds paid for electricity. Customers lose their interest in money paid to utilities companies for their service. See Koontz v. St. Johns River Water Mgmt. Dist., — U.S. -, 133 S.Ct. 2586, 2600, 186 L.Ed.2d 697 (2013) (fees do not implicate the Takings Clause); Bd. Pub. Util. Comm’rs v. N.Y. Tel. Co., 271 U.S. 23, 31, 46 S.Ct. 363, 70 L.Ed. 808 (1926) (“[Revenue paid by [utility] customers for service belongs to the company.”). Once Santiago and members of the putative class paid for electricity — the funds are paid, not “taken” — ownership of those funds transfers to PREPA.
IV. Conclusion
Because Plaintiffs-Appellants did not identify a valid property interest, they do not have standing to bring the takings and due process claims. Thus, we affirm the district court’s grant of summary judgment on standing grounds. Cf. Lujan, 504 U.S. 555, 112 S.Ct. 2130.
AFFIRMED.

. According to Plaintiffs-Appellants, about ' thirty-three percent of PREPA consumers benefit from subsidies or grants.

. This amendment changed the basis for calculating the eleven percent from PREPA’s "net income" to "gross revenues.” It further outlined a complex energy use reduction scheme and mandated that PREPA create a stabilization fund with a portion of the CILT. P.R. Laws No. 57-2014.